IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| JACK LOWE and DENNIS REYNOLDS, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| ATLAS LOGISTICS GROUP RETAIL SERVICES (ATLANTA), LLC, | :    CIVIL ACTION NO. <br> :    1:13-CV-2425-AT <br> : |
| Defendant. | : |

## JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the

law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its officers, employees, and agents that are made within the scope of their duties for the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Burden of proof:

Both Mr. Lowe and Mr. Reynolds have the burden of proving his case by what the law calls a "preponderance of the evidence." That means that Mr. Lowe must prove that, in light of all the evidence, what he claims is more likely true than not. Mr. Reynolds must satisfy the same burden. So, for example, if you could put the evidence favoring Mr. Lowe and the evidence favoring Atlas on opposite sides of balancing scales, Mr. Lowe needs to make the scales tip to his side. If Mr. Lowe fails to meet this burden, you must find in favor of Atlas on Mr. Lowe's claims. You would separately consider the evidence in the same way for Mr. Reynolds' claim. Both Mr. Lowe's and Mr. Reynolds's evidence rely on a body of common evidence, as well as some evidence that is specific to their own individual damages claims. You may consider the common evidence in assessing their individual claims.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of

all witnesses, regardless of who called them, and all exhibits that the court allowed regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

You should remember all of my prior instructions about the prohibition on consulting outside sources or individuals. For example, you shouldn't Google or search online or offline for any information about the case, the parties, or the law while deliberating. The law forbids jurors from talking with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

This is a civil case. To help you follow the evidence, I'll summarize the background and status of the case and the parties' positions.

The Plaintiffs – Mr. Lowe and Mr. Reynolds – brought this legal action against Atlas, claiming Atlas violated their rights under the Genetic Information

Nondiscrimination Act, or "GINA" for short. GINA makes it an unlawful practice for an employer to request, require, or purchase genetic information with respect to an employee.

The Plaintiffs, Mr. Lowe and Mr. Reynolds, worked in 2012 at Atlas's Bouldercrest Road warehouse facility. Atlas Logistics provides long-haul transportation and storage services for the grocery industry and in particular, Kroger grocery stores. As part of its services, Atlas maintains warehouse facilities to store grocery items which are then distributed to grocery retailers. Beginning in 2012, human defecation appeared numerous times in Atlas's Bouldercrest warehouse. After the company conducted an investigation and took various preventive measures, it retained Speckin Labs to assist in its investigation. As part of the company's investigation, the company called Mr. Lowe and Mr. Reynolds into the warehouse office. After that meeting, the company requested that they provide cheek swab samples of tissue to a representative of Speckin Labs to compare the Plaintiffs' DNA to the DNA from the offending defecation or fecal samples. The parties dispute whether plaintiffs gave these samples voluntarily, but in any event, the samples were given. Ultimately, it was determined that there was no match between the plaintiffs' DNA swabs and the fecal matter. The plaintiffs subsequently filed a lawsuit in 2013 charging the company with violation of the genetic information non-discrimination act based

6

on their employer's having obtaining their genetic information. The Defendants denied liability.

In earlier proceedings in this case, the Court ruled that Atlas's request and obtaining of the Plaintiffs' genetic information through the swabs was a violation of the law, whether or not the Plaintiffs voluntarily responded to the company's request for their participation in the testing.

Therefore, the question of whether the defendant violated the genetic information non-discrimination act is not presented to you as a jury for decision or review. The questions and matters before you instead solely involve damages issues.

In particular, Mr. Lowe and Mr. Reynolds contend they are entitled to compensatory damages — to be compensated for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses they contend were a result of Atlas's request for their genetic information. Atlas denies Mr. Lowe and Mr. Reynolds are entitled to recover compensatory damages, and contends that Mr. Lowe and Mr. Reynolds have not suffered any emotional pain, suffering, inconvenience, mental anguish, or other recoverable losses as a result of Atlas's unlawful actions.

In addition, Mr. Lowe and Mr. Reynolds contend that an award of punitive damages should be assessed against Atlas to punish Atlas for its violations and to deter similar wrongful conduct in the future. Atlas denies Mr. Lowe and Mr.

Reynolds are entitled to recover punitive damages because it contends Atlas did not act with malice or with reckless indifference to their federally protected rights under GINA.

If you decide to award compensatory or punitive damages, or both, you are to decide the amount of damages that should be awarded individually to each of the plaintiffs.

As previously stated, the Court's legal finding that Defendant Atlas violated the provisions of GINA does not automatically entitle plaintiffs to compensatory damages. Rather, to obtain compensatory damages, Plaintiffs must prove non-monetary harm that resulted from Atlas's unlawful actions. You must determine what harm, if any, Jack Lowe and Dennis Reynolds have suffered or will suffer in the future as a result of Atlas's request for their genetic information. We call these compensatory damages.

When considering the issue of Jack Lowe and Dennis Reynolds's compensatory damages, you should determine what amount, if any, has been proven by Jack Lowe and Dennis Reynolds by a preponderance of the evidence as full, just and reasonable compensation for all of Jack Lowe and Dennis Reynolds's damages as a result of Atlas's request for their genetic information, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Atlas Logistics. Also, compensatory damages must not be based on speculation or guesswork.

8

You should consider the following elements of damage, to the extent you find that Jack Lowe and Dennis Reynolds have proved them by a preponderance of the evidence, and no others:

(a) Emotional pain;

(b) Suffering;

(c) Inconvenience;

(d) Mental anguish;

(e) Loss of enjoyment of life; and

(f) Other non-monetary losses.

The Court has determined that Atlas is not responsible for whatever emotional or other harm Plaintiffs may have experienced as a result of hearing their individual co-workers make independent derisive or mean comments, as such comments cannot be attributed to Atlas or its managerial staff. Thus, when determining whether to award damages and if so, the amount of such, you shall not consider any evidence of harm Plaintiffs experienced as a result of the derisive comments made by their coworkers.

On the other hand, one of the "other non-monetary losses" for which you may consider awarding compensatory damages is harm to the Plaintiffs' reputations as a result of Atlas's request for their genetic information. In considering whether Plaintiffs' reputations were thus harmed, you may consider evidence presented, including the existence of their co-workers' derisive

comments. However, I caution you that you may only award damages for reputation damage to the extent you find any harm to Plaintiffs' reputations was a result of Atlas's request for Plaintiffs' genetic information.

In other words, while you cannot consider or award damages to Plaintiffs for emotional harm caused by the statements of Plaintiffs' co-workers, you are permitted to consider these statements in the process of evaluating whether Plaintiffs' reputation was damaged as a result of Atlas's request for Plaintiffs' genetic information.

To determine whether and how much Jack Lowe or Dennis Reynolds should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. No evidence of the monetary value of such intangible things as pain and suffering or mental anguish has been or need to be introduced. You will determine what amount fairly compensates each of them for his claims. Medical evidence is not necessary to show emotional distress. There is no exact standard to be applied, any such award should be fair and just in light of the evidence, as determined by the enlightened conscience of the jury to compensate for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic harm resulting from Atlas's violation of GINA.

Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a

recovery on this element of damages. An award of compensatory damages may not, however, be based on the abstract "value" or importance of the civil right at issue.

To find that Atlas is liable for compensatory damages for any of the harm Plaintiffs suffered, you must find that the harm was a result of Atlas's violation of GINA. In other words, if you find that some element of Plaintiffs' harm was not a result of Atlas's request for Plaintiffs' DNA, you should not award compensatory damages for that element of harm.

Jack Lowe and Dennis Reynolds also ask you to award punitive damages. The purpose of punitive damages is not to compensate Jack Lowe or Dennis Reynolds but, instead, to punish Atlas for wrongful conduct and to deter similar wrongful conduct in the future. You will only reach the issue of punitive damages for Mr. Lowe if you have awarded Mr. Lowe compensatory damages. Similarly, You will only reach the issue of punitive damages for Mr. Reynolds if you have awarded Mr. Reynolds compensatory damages.

To be entitled to an award of punitive damages, Dennis Reynolds or Jack Lowe must prove by a preponderance of the evidence that Atlas acted with either malice or with reckless indifference toward Dennis Reynolds or Jack Lowe's federally protected rights. Specifically, Dennis Reynolds or Jack Lowe must show that an employee of Atlas Logistics, acting in a managerial capacity, either acted

with malice or with reckless indifference to Dennis Reynolds or Jack Lowe's federally protected rights under GINA.

Punitive damages are appropriate if, and only if, an employee, acting in a managerial capacity, acted with malice or reckless indifference, such that the employer must at least act in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages. To show that Atlas acted with malice, Mr. Lowe and Mr. Reynolds must show that an employee acting in a managerial capacity knew that federal law prohibits the request of genetic information by employers and requested that information from Mr. Lowe and Mr. Reynolds anyway.

To show that Atlas acted with reckless indifference to Mr. Lowe and Mr. Reynolds' federally protected rights, Mr. Lowe and Mr. Reynolds must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. A jury may find reckless indifference where the employer does not admit that it knew that its actions were wrong. However, mere negligence as to the civil rights of employees is not enough to justify punitive damages. Either malice or reckless indifference is sufficient to entitle Dennis Reynolds or Jack Lowe to an award of punitive damages; Dennis Reynolds or Jack Lowe need not prove both

There is no single factor that determines whether Atlas acted with malice or with reckless indifference to Dennis Reynolds or Jack Lowe's federally

12

protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Atlas Logistics acted spitefully or malevolently; (2) whether Atlas Logistics showed a blatant disregard for its civil legal obligations; (3) and whether Atlas acted with a distinct belief that its actions were lawful.

You may not infer anything about the content of the advice counsel gave to Atlas based on the fact that Atlas consulted with counsel.

If you find for Jack Lowe and Dennis Reynolds and find that Atlas acted with malice or reckless indifference to Mr. Lowe's and Mr. Reynold's federally protected rights, the law allows you, in your discretion to award Mr. Lowe and Mr. Reynolds punitive damages as a punishment for Atlas and as a deterrent to others.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Julie Howenstine, taken on June 5, 2014, has been presented to you by a video. Deposition testimony is entitled to the same

consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

The fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, recover damages or that I am expressing any belief as to the proper amount of such damages.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.